# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDDY R. JACKSON,<br><br>    Petitioner,<br><br>v.<br><br>ROBERT NEUSCHMID, Warden,<br><br>    Respondent. | Case No. CV 19-8231 RGK (MRW)<br><br>**ORDER DISMISSING ACTION WITH PREJUDICE** |

      The Court grants the California Attorney General's motion to dismiss this habeas corpus action as untimely, <u>Tollett</u>-barred, and unexhausted. 28 U.S.C. §§ 2244, 2254.

* * *

      1.    In 2016, Petitioner pled guilty to a felony theft charge in Riverside Superior Court. The felony complaint listed five prior robbery and sexual assault "strike" convictions. (Docket # 18-1 at 7.)

2. According to the guilty plea form, Petitioner faced a maximum term of 51 years to life in prison. However, under the plea agreement, he received a sentence of five years in custody. (Docket # 18-1 at 15, 79.)

3. The trial court sentenced Petitioner in December 2016. Petitioner did not appeal his guilty plea or sentence. Under state court rules, his conviction became final in February 2017. Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2011); Cal. R. Ct. 8.308(a).

4. Petitioner pursued numerous post-conviction habeas actions in the state trial and appellate courts after the entry of judgment. Of note, the Attorney General identified several habeas actions that Petitioner filed and that were pending in the state courts from June 2017 through March 2018. (Docket # 17-1 at 8-9, 11.) After those actions, Petitioner did not seek state court habeas relief until August 2019 (a gap of approximately 17 months). (Id.) Petitioner did not file any habeas action in the state supreme court. (Id. at 13.)

5. Petitioner commenced this habeas action in federal court in September 2019. His petition raised claims under the Fourteenth Amendment alleging that: (a) the prosecutor improperly charged the theft crime as a felony rather than a petty offense; and (b) a previous sexual assault conviction charged as a strike was "false." (Docket # 1-1 at 3-5.)

6. Magistrate Judge Wilner screened the petition pursuant to Habeas Rule 4. Judge Wilner noted timeliness, Tollett-bar, and exhaustion problems with the petition. (Docket # 9.) Petitioner submitted a supplemental statement in response to the screening order, but provided little additional information regarding those defects. (Docket # 11.)

7. The Attorney General moved to dismiss the petition on numerous grounds. (Docket # 17.) The gist of Petitioner's opposition was

1 | that his appointed defense lawyer failed to investigate his past criminal
2 | background (despite the successful presentation of a Romero motion to
3 | strike strikes at the time of his plea). (Docket # 27.)

\* \* \*

5 | 8. If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may summarily dismiss a habeas action. 28 U.S.C. § 2243; see also Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal to district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief").

9. **Statute of Limitations.** Under AEDPA, state prisoners have a one-year period within which they must seek federal habeas review of their conviction or sentence. 28 U.S.C. § 2244(d)(1). The AEDPA limitations period is generally triggered when state court appellate review becomes final, or under other specific conditions set forth in the statute. 28 U.S.C. § 2244(d)(1)(A-D); Lee v. Lampert, 653 F.3d 929, 933 (9th Cir. 2011).

10. The AEDPA limitations period can be tolled under the statute. The limitations period is tolled when a prisoner properly files an application for state habeas review (statutory tolling). 28 U.S.C. § 2244(d)(2). A prisoner may also obtain tolling for the period of time between the conclusion of one state habeas proceeding and the initiation of another habeas action (gap tolling). Id. Gap tolling is generally limited to a period of thirty to sixty days (akin to the period of time allowable in other states to file an appeal in a higher court). Evans v. Chavis, 546 U.S. 189, 201 (2006); Stewart v. Cate, 757 F.3d 929, 935 (9th Cir. 2014) (same).

11. Habeas actions commenced in state court after the end of the one-year AEDPA limitations period cannot revive an untimely federal petition. Gonzalez v. Thaler, 565 U.S. 134, 149 (2012) (AEDPA clock not "reset" by untimely state collateral actions); Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended" before new state habeas petition filed); Wilson v. Sherman, 668 F. App'x 781, 782 (9th Cir. 2016) (same).

12. The present habeas action is clearly untimely. Petitioner's conviction became final in February 2017; that started his 12-month AEDPA filing clock. Approximately four months elapsed before Petitioner properly filed post-conviction actions in state court in June 2017. The state acknowledges that Petitioner is entitled to statutory and gap tolling under AEDPA until March 2018. However, Petitioner did not seek further state court habeas review until September 2019.

13. Petitioner's AEDPA deadline expired on October 25, 2018 (one year from final conviction (Feb. 2017) plus nearly ten months tolling for state habeas actions). By the time he filed this federal action in late 2019, his AEDPA clock had long since expired. Gonzalez, 565 U.S. at 149. In none of his federal court filings did Petitioner explain the delay in seeking review. (Docket # 1, 11, 27.) The action is time-barred under AEDPA. 28 U.S.C. § 2244.

14. ***Tollett Bar.*** A defendant who pleads guilty to a criminal charge "may not thereafter raise independent claims relating to the deprivation of constitutional rights" on habeas review. Tollett v. Henderson, 411 U.S. 258, 267 (1973). Habeas relief is not available except when a prisoner attacks "the voluntary and intelligent nature of his guilty

plea by showing that the advice he received" was unconstitutionally deficient. McMann v. Richardson, 397 U.S. 759, 771 (1970); Lowe v. Johnson, 701 F. App'x 548, 550 (9th Cir. 2017).

15. Petitioner's claims are clearly Tollett-barred. Petitioner waived his right to challenge the nature of the charge against him or the adequacy of his lawyer's pre-trial investigation when he pled guilty years ago. Further, Petitioner's vague complaints about his lawyer's performance do not adequately allege that his guilty plea – and the resulting favorable resolution of his criminal case – was anything other than voluntary or intelligent. McMann, 397 U.S. at 771.

16. ***Exhaustion***. To obtain habeas relief under Section 2254, a prisoner must allege that he is in custody due to a state court judgment in violation of the federal constitution. Under federal habeas law, a prisoner must exhaust all claims as a prerequisite to a federal court's consideration of a habeas corpus petition. 28 U.S.C. § 2254(b)(1)(A); Kyzar v. Ryan, 780 F.3d 940, 946 (9th Cir. 2015). Exhaustion occurs when a prisoner fairly presents those claims to the state's highest court. Rose v. Lundy, 455 U.S. 509 (1982); Duncan v. Henry, 513 U.S. 364, 370 (1995).

17. Petitioner failed to present his claims in the California Supreme Court. (Docket # 17-1 at 13.) This federal court cannot hear his unexhausted petition.

\* \* \*

Therefore, the present action is hereby DISMISSED with prejudice.[1]

IT IS SO ORDERED.

Dated: March 20, 2020

_____
HON. R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes the Attorney General's additional contention that Petitioner's claims are too vague and conclusory to lead to relief. (Docket # 17-1 at 17.) Given the obvious procedural defects with the petition, it is not necessary for the Court to take up issues involving the merits of Petitioner's allegations.